UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                         Case Nos.:   5:19cr64/RH/MAL
                                                        5:23cv25/RH/MAL

GERRY F. CARTER,

      Defendant.

_____

## ORDER DENYING THE § 2255 MOTION

The defendant Gerry F. Carter seeks relief from his conviction and sentence under 28 U.S.C. § 2255. Some of his arguments could have been raised on direct appeal and thus are procedurally defaulted. And all are unfounded on the merits. This order denies the motion.

### I.  Background

Mr. Carter pled guilty to two offenses. The first was conspiracy to distribute or possess with intent to distribute methamphetamine (count one). The second was possessing a firearm in furtherance of the methamphetamine offense (count two).

Under 21 U.S.C. § 841(b)(1)(A)(viii), the minimum sentence on count one was 25 years, because the offense involved 50 grams or more of methamphetamine—in fact, very substantially more—and Mr. Carter had two prior

convictions of serious drug felonies. Under 18 U.S.C. § 924(c), the minimum sentence on count two was 5 years, and the sentence had to be served consecutively to any other sentence. Thus Mr. Carter's combined minimum sentence was 30 years. He is serving the minimum sentence: 300 months on count one plus 60 months consecutive on count two.

Mr. Carter's § 2255 motion asserts four claims. The first is that his plea was not knowing and voluntary because he was not properly informed of the elements of the § 924(c) offense. The second is that he is actually innocent of the § 924(c) offense as shown at least partly by the fact that no firearm was recovered. The third is that his attorney's failure to argue that his prior convictions were not "serious drug felonies" under § 841 constituted ineffective assistance. And the fourth is that the prior convictions were actually *not* "serious drug felonies" because under Georgia law, the drugs covered by the statute he was convicted of violating included hemp, a substance no longer covered by § 841.

All the claims are unfounded.

## I. Knowledge of the § 924(c) elements

Mr. Carter complains that neither the court nor his attorney explained that under § 924(c), "carrying" and "possessing" a firearm are separate acts requiring different proof. He says his approach to the case would have been different had he been properly advised, but he does not explain how or why.

The indictment charged both carrying and possessing, but either standing alone would do, and when offering the plea agreement, the government chose to proceed on the charge of possessing. *See* ECF No. 36 at 1–2; ECF No. 35 at 6. This was permissible; as is well established, the government can charge in the conjunctive but prove in the disjunctive. *See United States v. Kincherlow*, 88 F.4th 897, 906–07 (11th Cir. 2023) (Carnes, J. concurring) (collecting cases); *United States v. Howard*, 742 F.3d 1334, 1344 n.3 (11th Cir. 2014) ("Prosecutors can and frequently do, however, charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible.").

Before the plea colloquy during which Mr. Carter pled guilty, he signed a Statement of Facts prepared by the government for use during the colloquy. *See* ECF No. 35. The Statement of Facts set out the elements of each charged offense. For the § 924(c) count, the Statement of Facts listed two elements: that the defendant committed the drug trafficking crime charged in count one, and that the defendant "knowingly possessed a firearm in furtherance of that crime, as charged in the indictment." This was a correct statement of law and closely tracked the jury instruction that would have been given had the case gone to trial.

During the plea colloquy, Mr. Carter said he had discussed with his attorney what the government would have to prove to establish his guilt. ECF No. 87 at 6–7. And Mr. Carter said he had read the Statement of Facts line by line and word by

word. ECF No. 87 at 7. He said the only thing he disagreed with was related to drug amounts. *Id*. at 7–8. In addition to listing the elements on the § 924(c) offense—elements Mr. Carter did not disagree with—the Statement of Facts recounted Mr. Carter's statement during a post-*Miranda* interview with law enforcement that he possessed three pistols, all pictured in his cellphone, "for protection when he dropped off money to his source of supply." ECF No. 35 at 4. During the plea colloquy, Mr. Carter said he had indeed possessed the pistols "for protection in connection with the drug offense." ECF No. 87 at 8–9.

A defendant's statements under oath during a plea colloquy can present a formidable barrier in a later collateral proceeding. *See, e.g.*, *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). A defendant "bears a heavy burden to show his statements were false." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)); *see also United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.") (quotation omitted); *United States v. Faircloth*, 712 F. App'x 887, 893 (11tht Cir. 2017) (stating a district court is "entitled to rely on" a defendant's statements under oath at a plea colloquy).

Mr. Carter says he would have proceeded differently had he been told the elements of the § 924(c) offense, but the record makes clear he *was* told the

Case No. 5:19cr64-RH-MAL

elements of the offense, including in writing, and the elements were not complicated. He admitted facts plainly establishing his guilt and has not said, even today, what difference any further advice on the elements of the offense could possibly have made. This claim is unfounded.

## II. Actual innocence of possessing a firearm

Mr. Carter says he is innocent of possessing firearms as charged. As support for the assertion, he says "there is no firearm existent in evidence in this matter," that the government did not seize or discover any alleged firearm, and that law enforcement's assertion that Mr. Carter made a post-*Miranda* statement admitting possession of firearms for protection during his drug trafficking are "entirely untruthful." ECF No. 93 at 5.

These assertions are squarely contradicted by Mr. Carter's sworn statements at the plea colloquy, as recounted above. Had Mr. Carter wished to put the government to its proof on the § 924(c) charge, he could have done so. Instead, he said under oath during the plea colloquy that he possessed firearms as charged for protection in connection with the drug offense.

His claim of actual innocence is unfounded.

## III. Georgia marijuana convictions as serious drug felonies

The minimum sentence for a trafficking offense involving this amount of methamphetamine ordinarily is 10 years. But the minimum increases to 15 years if

the defendant has a prior conviction of a "serious drug felony" or "serious violent felony." And the minimum increases to 25 years if the defendant has two such prior convictions.

To qualify as a "serious drug felony," an offense must meet specific criteria, including that it involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance *(as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)),* for which a maximum term of imprisonment of ten years or more is prescribed by law." *See* 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added) (made applicable by 21 U.S.C. § 802(58) (defining "serious drug felony")).

Mr. Carter's minimum was 25 years based on two prior Georgia convictions for possessing with intent to distribute marijuana. In the § 2255 motion's third and fourth claims, Mr. Carter asserts those convictions were not serious drug felonies. The third claim is that his attorney rendered ineffective assistance by failing to raise this issue, and the fourth claim is that Mr. Carter was entitled to prevail on the merits of the issue.

The motion refers to an "accompanied memorandum of law," but Mr. Carter did not submit one. The basis of the claims apparently is that the Georgia statute Mr. Carter was convicted of violating covers hemp as well as marijuana, while 21 U.S.C. § 802 does not. Had that been so at the time of the Georgia offenses, the

Case No. 5:19cr64-RH-MAL

Georgia convictions would not qualify as serious drug felonies. But that was not so at that time; at that time § 802 covered hemp as well as marijuana. Hemp was removed from § 802 only later.

A more complete explanation is this. Mr. Carter's Georgia convictions occurred in 2004 and 2012. *See* ECF No. 45 at 9–10 ¶ 43 & 11–12 ¶ 47. At that time, hemp was covered under both the Georgia statute and § 802. Hemp was excluded from § 802 in 2018. *See* ECF No. 93 at 8 (Mr. Carter's acknowledgement that the change occurred at that time); *Brown v. United States,* 602 U.S. 101, 107 (2024) (noting the exclusion of hemp by the Agriculture Improvement Act of 2018, Pub. L. 115–334, § 12619(a)(2), 132 Stat. 5018).

When a comparison of drug types is necessary to determine whether a prior conviction qualifies as a serious drug felony, the appropriate comparison is between the state and federal definitions in place *at the time the prior offense was committed*. The Supreme Court has explicitly so held:

> The two cases now before us present the question whether a state crime constitutes a "serious drug offense" if it involved a drug that was on the federal schedules when the defendant possessed or trafficked in it but was later removed. We hold that such an offense qualifies.

*Brown*, 602 U.S. at 106; *see also United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022).

This holding is fatal to Mr. Carter's third and fourth claims.

Case No. 5:19cr64-RH-MAL

## IV.  Certificate of appealability

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Case No. 5:19cr64-RH-MAL

Mr. Carter has not made the required showing. This order thus denies a certificate of appealability.

## V.  Conclusion

For these reasons,

IT IS ORDERED:

1. Mr. Carter's motion for relief under 28 U.S.C. § 2255, ECF No. 93, is denied.

2. The clerk must enter a judgment so providing.

3. A certificate of appealability is denied.

4. The clerk must close the files.

SO ORDERED on March 16, 2026.

s/Robert L. Hinkle
United States District Judge